# IN THE UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT COURT OF STATE OF INDIANA

# TERRE HAUTE DIVISION

RYAN SCHROEDER,

    Plaintiff, pro se

        VS.

                                Case No:  2:24-cv-00416-JPH-MKK

                                Trial Court Judge

FRANK VANIHEL, et. al.

    Defendant(s),

```
┌─────────────────────────────────┐
│            FILED                │
│          08/23/2024             │
│      U.S. DISTRICT COURT        │
│  SOUTHERN DISTRICT OF INDIANA   │
│      Roger A.G. Sharpe, Clerk   │
└─────────────────────────────────┘
```

1. Officer (unknown), Shoyer a Corrections Officer at Wabash Valley Correctional Facility In her official and individual capacity

2. Officer (unknown), Vanvleet a Corrections Officer who is the Head of the Office of Internal Investigation Unit (O. I. I.) at Wabash Valley Correctional Facility in his Official and individual capacity

3. Officer (unknown), Rambis a Corrections Officer who is an officer in the Internal Investigation Unit (O. I. I.) at Wabash Valley Correctional Facility in his Official and individual capacity

4. Officer (unknown) (G-Housing Unit 100-200 Range floor) at Wabash Valley Correctional Facility

5. Officer (unknown) (G-Housing Unit Control Pod at Wabash Valley Correctional Facility

6. Matthew Leohr is a Classification Supervisor at the Wabash Valley Correctional Facility

7. C. Coakley is a Classification Supervisor at the Wabash Valley Correctional Facility

8. M. Gilbert is a Classification Supervisor at the Wabash Valley Correctional Facility

9. A. Wallace is a mailroom worker at the Wabash Valley Correctional Facility

10. K. Sweazey is the Counselor of N-Housing Unit (100-200 Range) at the Wabash Valley Correctional Facility

11. K. Stuppy is the Counselor of E-Housing Unit (100-200 Range) at the Wabash Valley Correctional Facility

12. Adam Wence is a Chaplain at the Wabash Valley Correctional Facility

13. David Walker is a Chaplain at the Wabash Valley Correctional Facility

14. Jeremy Hamilton is the Administrative Chaplain Assistant at the Wabash Valley Correctional Facility

15. Teresa Booker is the Communications Director at the Wabash Valley Correctional Facility

16. Jackie Storm is the Programs Director, Re-Entry, Religious Services, Veteran's Coordinator at the Wabash Valley Correctional Facility

17. Dawn Jackson is the Visitation Coordinator and Acting Administrative Chaplain Secretary

18. Mark Taylor is a Religious Service Volunteer

19. Richard Puryear is a Religious Service Volunteer

20. Mrs. (unknown) Fischer is the Deputy Warden of Operations at the Wabash Valley Correctional Facility

21. K. Gilmore is the Assistant Deputy Warden at the Wabash Valley Correctional Facility

22. F. Vanihel is the Warden at the Wabash Valley Correctional Facility

23. B. Batchelor is a Certified Nursing Assistant (CNA) at the Wabash Valley Correctional Facility

22. B. Riggs is a Certified Nurse at the Wabash Valley Correctional Facility

23. Centurion Health of Indiana is the Medical Service Provider at the Wabash Valley Correctional Facility

24. Tort Claim Investigator, J. Hall

25. Tort Claim Administrator, Bob Bugher

26. Tort Claim Attorney General, Todd Rokita

27. Commissioner, Christina Reagle

Defendants.

PLAINTIFF'S COMPLAINT UNDER 42 U. S. C. § 1983

COMES NOW, Ryan Schroeder #231818, Plaintiff a state prisoner pro se, who presents the following civil-rights complaint under 42 U.S. C § 1983 and claim for compensatory, punitive, preliminary injunctive relief as follows.

## I.    INTRODUCTION

1. This action places before the Court a lawsuit involving the above defendants at the Wabash Valley Correctional Facility (a prison facility of the Indiana Department of Corrections charges with the custody and control of approximately 2000 inmates) and the private medical company Corizon Health LLC and/or Yes Care LLC contracted with the State of Indiana to provide Wabash Valley Correctional Facility inmates with medical care

2. Plaintiff, Ryan Schroeder, pro se, brings this suit as a state prisoner for damages and injunctive relief under 42 U. S. C. § 1983 to challenge the Defendants' violation of his rights against/for the 1st , 8th, and 14th Amendment of the United States Constitution in the form of: Restrictive Housing Unit, Adverse/Inaction, Retaliation, Denial of Due Process/Due Process Clause, Denial of Access to the Courts, Abuse of Authority, Intimidation, Destruction of Personal Property, Equal Protection Clause, Personal Humiliation, Mental Anguish, Emotional Stress, Mental Stress, and Failing to Follow Policy and Procedures.

## II. JURISDICTION

3. This suit is brought under the 1st, 8th, and 14th Amendment to the United States Constitution, which are enforced through U.S.C. § 1983. The court has jurisdiction over the plaintiff's Constitutional claims under 28. U.S.C. §§ 1331, 1343 (3), and 1343 (4).

## III. VENUE

IV. The Southern District of Indiana is an appropriate venue for this action under 28 U. S. C. § 1391 (b) (1), because defendants' Shoyer, R. Vanvleet, Rambis, unknown (G-Housing Unit 100-200 Range Officer), unknown (G-Housing Unit Control Pod Officer), M. Lehor, C. Coakley, M. Gilbert, A. Wallace, K, Sweazey, K. Stuppy, A. Wence, D. Walker, J. Hamilton, T. Booker, J. Storm, D. Jackson, Mark Taylor, Richard Puryear K. Fischer, B. Batchelor, B. Riggs, Centurion Health Staff, Tort Claim Investigator J. Hall, Tort Claim Administrator Bob Bugher, Tort Claim Attorney General Todd Rokita, and Commissioner Christina Reagle. In their official capacity reside under this jurisdiction.

V. The Southern District of Indiana is an appropriate venue for this action under 28 U.S. C. § 1391 (b) (2) because a "substantial part of the events or omissions giving rise to the claims occurred" in this district.

## VI. PARTIES

VII. **PLAINTIFF:** Ryan Schroeder lives in the Wabash Valley Correctional Facility for men in Carlisle, Indiana. He is serving a fifty-four-year sentence which he began serving in December, 2012.

VIII. **DEFENDANTS:**

1. Officer Shoyer at all times relevant to this action is a correctional officer at Wabash Valley Correctional Facility, who worked in N-House.  The Wabash Valley Correctional Facility is a part of the Indiana Department of Correction and is located in Carlisle, Indiana, and the address is 6908 S. Old Highway 41, P. O. Box 500 Carlisle, Indiana 47383.  Defendant Officer Shoyer is defined as a person under 42 U. S. C. § 1983, liable for the violation of federally protected rights while acting under color of state law.  Further, at all times relevant to this cause, Defendant Shoyer was directly responsible for the welfare and needs of Schroeder, while he was incarcerated at Wabash Valley Correctional Facility.  Further, at all times relative to cause of action Defendant Officer Shoyer while acting individually, under color of State law deprived Schroeder of federally protected rights.

2. Defendant OII Officer Vanvleet at all times relevant to this action is Head the Officer of Internal Investigative Unit at the Wabash Valley Correctional Facility.  The Wabash Valley Correctional Facility is a part of the Indiana Department of Correction and is located in Carlisle, Indiana, and the address is 6908 S. Old Highway 41, P. O. Box 500 Carlisle, Indiana 47383.  Defendant Officer Vanvleet is defined as a person under 42 U. S. C. § 1983, liable for the violation of federally protected rights while acting under color of state law.  Defendant Officer Vanvleet is responsible for the Office of Investigative Unit as well as responsible to provide charged offender (I. I.) due process. Further, at all times relevant to this cause, Defendant Officer Vanvleet was directly responsible for the welfare and needs of

Schroeder, while he was incarcerated at Wabash Valley Correctional Facility, and

for the implementation and establishment of policies, both formally and informally,

by custom and practice, relative to the welfare and care of Schroeder while he was

incarcerated at Wabash Valley Correctional Facility. In addition, Defendant Officer

Vanvleet is also responsible for the training of his employees [staff under him, who

work in the Office of Internal Investigative Unit at Wabash Valley Correctional

Facility, including Defendant (unknown) Officer Rambis]to meet the welfare/needs

of Schroeder and all other incarcerated individuals at the Wabash Valley

Correctional Facility. Further, at all times relative to cause of action Defendant

Officer Vanvleet while acting individually, under color of State law deprived

Schroeder of federally protected rights.

3. Defendant OII Officer (unknown) Rambis at all times relevant to this action is an OII

Officer at Wabash Valley Correctional Facility, who worked in Officer of Internal

Investigative Unit. The Wabash Valley Correctional Facility is a part of the Indiana

Department of Correction and is located in Carlisle, Indiana, and the address is 6908

S. Old Highway 41, P. O. Box 500 Carlisle, Indiana 47383. Defendant OII Officer

(unknown) Rambis is defined as a person under 42 U. S. C. § 1983, liable for the

violation of federally protected rights while acting under color of state law.

Defendant Rambis is responsible to provide charged I.I. due process. Further, at all

times relevant to this cause, Defendant OII Officer Rambis was directly responsible

for the welfare and needs of Schroeder, while he was incarcerated at Wabash

Valley Correctional Facility, for the implementation and establishment of policies,

both formally and informally, by custom and practice, relative to the welfare and care of Schroeder while he was incarcerated at the Wabash Valley Correctional Facility.  Further, at all times relative to cause of action Defendant OII Officer Rambis while acting individually, under color of State law deprived Schroeder of federally protected rights.

4.  Defendant Unknown G-Housing Unit 100-200 range officer at all times relevant to this action is an officer at Wabash Valley Correctional Facility, who worked in G-House.  The Wabash Valley Correctional Facility is a part of the Indiana Department of Correction and is located in Carlisle, Indiana, and the address is 6908 S. Old Highway 41, P. O. Box 500 Carlisle, Indiana 47383.  Defendant Unknown G-Housing Unit 100-200 range officer is defined as a person under 42 U. S. C. § 1983, liable for the violation of federally protected rights while acting under color of state law. Further, at all times relevant to this cause, Defendant Unknown G-Housing Unit 100-200 range officer was directly responsible for the welfare and needs of Schroeder, while he was incarcerated at Wabash Valley Correctional Facility. Further, at all times relative to cause of action Defendant Unknown G-Housing Unit 100-200 range officer while acting individually, under color of State law deprived Schroeder of federally protected rights.

5.  Defendant Unknown G-Housing Unit Control Pod officer at all times relevant to this action is an officer at Wabash Valley Correctional Facility, who worked in G-House. The Wabash Valley Correctional Facility is a part of the Indiana Department of Correction and is located in Carlisle, Indiana, and the address is 6908 S. Old

Highway 41, P. O. Box 500 Carlisle, Indiana 47383. Defendant Unknown G-Housing Unit 100-200 range officer is defined as a person under 42 U. S. C. § 1983, liable for the violation of federally protected rights while acting under color of state law. Further, at all times relevant to this cause, Defendant Unknown G-Housing Unit Control Pod officer was directly responsible for the welfare and needs of Schroeder, while he was incarcerated at Wabash Valley Correctional Facility. Further, at all times relative to cause of action Defendant Unknown G-Housing Unit Control Pod officer while acting individually, under color of State law deprived Schroeder of federally protected rights.

6. Defendant Matthew Leohr at all times relevant to this action is the Supervisor of Classification at Wabash Valley Correctional Facility. The Wabash Valley Correctional Facility is a part of the Indiana Department of Correction and is located in Carlisle, Indiana, and the address is 6908 S. Old Highway 41, P. O. Box 500 Carlisle, Indiana 47383. Defendant Matthew Leohr is defined as a person under 42 U. S. C. § 1983, liable for the violation of federally protected rights while acting under color of state law. Further, at all times relevant to this cause, Defendant Matthew Leohr was directly responsible for the welfare and needs of Schroeder, while he was incarcerated at Wabash Valley Correctional Facility, and for the implementation and establishment of policies, both formally and informally, by custom and practice, relative to the welfare and care of Schroeder while he was incarcerated at the Wabash Valley Correctional Facility. In addition, Defendant Matthew Leohr is also responsible for making classification decisions regarding

housing and jobs at Wabash Valley Correctional Facility.  Further, at all times relative to cause of action Defendant Matthew Leohr while acting individually, under color of State law deprived Schroeder of federally protected rights.

7.  Defendant C. Coakley at all times relevant to this action is the Supervisor of Grievances at Wabash Valley Correctional Facility.  The Wabash Valley Correctional Facility is a part of the Indiana Department of Correction and is located in Carlisle, Indiana, and the address is 6908 S. Old Highway 41, P. O. Box 500 Carlisle, Indiana 47383.  Defendant C. Coakley is defined as a person under 42 U. S. C. § 1983, liable for the violation of federally protected rights while acting under color of state law. Further, at all times relevant to this cause, Defendant C. Coakley was directly responsible for the welfare and needs of Schroeder, while he was incarcerated at Wabash Valley Correctional Facility, and for the implementation and establishment of policies, both formally and informally, by custom and practice, relative to the welfare and care of Schroeder while he was incarcerated at the Wabash Valley Correctional Facility.  In addition, Defendant C. Coakley is also responsible for making classification decisions regarding housing and jobs at Wabash Valley Correctional Facility.  Further, at all times relative to cause of action Defendant C. Coakley while acting individually, under color of State law deprived Schroeder of federally protected rights.

8.  Defendant M. Gilbert at all times relevant to this action is the Supervisor of Grievances at Wabash Valley Correctional Facility.  The Wabash Valley Correctional Facility is a part of the Indiana Department of Correction and is located in Carlisle,

Indiana, and the address is 6908 S. Old Highway 41, P. O. Box 500 Carlisle, Indiana 47383. Defendant M. Gilbert is defined as a person under 42 U. S. C. § 1983, liable for the violation of federally protected rights while acting under color of state law. Further, at all times relevant to this cause, Defendant M. Gilbert was directly responsible for the welfare and needs of Schroeder, while he was incarcerated at Wabash Valley Correctional Facility, and for the implementation and establishment of policies, both formally and informally, by custom and practice, relative to the welfare and care of Schroeder while he was incarcerated at the Wabash Valley Correctional Facility. In addition, Defendant M. Gilbert is also responsible for making classification decisions regarding housing and jobs at Wabash Valley Correctional Facility. Further, at all times relative to cause of action Defendant M. Gilbert while acting individually, under color of State law deprived Schroeder of federally protected rights.

9. Defendant A. Wallace at all times relevant to this action is a mailroom worker at the Wabash Valley Correctional Facility. The Wabash Valley Correctional Facility is a part of the Indiana Department of Corrections and is located in Carlisle, Indiana, and the address is 6908 S. Old Highway 41, P. O. Box 500 Carlisle, Indiana 47383. Defendant A. Wallace is defined as a person under 42 U. S. C. § 1983, liable for the violation of federally protected rights while acting under color of state law. Further, at all times relevant to this cause, Defendant A. Wallace while acting individually, under color of State law deprived Schroeder of federally protected rights.

10. Defendant K. Sweazey at all times relevant to this action was the Counselor of the N-Housing Unit (100-200 range) at Wabash Valley Correctional Facility. The Wabash Valley Correctional Facility is a part of the Indiana Department of Correction and is located in Carlisle, Indiana, and the address is 6908 S. Old Highway 41, P. O. Box 500 Carlisle, Indiana 47383. Defendant K. Sweazey is defined as a person under 42 U. S. C. § 1983, liable for the violation of federally protected rights while acting under color of state law. Further, at all times relevant to this cause, Defendant K. Sweazey was directly responsible for the welfare and needs of Schroeder, while he was incarcerated at Wabash Valley Correctional Facility, for the implementation and establishment of policies, both formally and informally, by custom and practice, relative to the welfare and care of Schroeder while he was incarcerated at the Wabash Valley Correctional Facility. In addition, Defendant K. Sweazey was also responsible for making classification decisions regarding housing and jobs at Wabash Valley Correctional Facility in the N-Housing Unit where Schroeder resided. Further, at all times relative to cause of action Defendant K. Sweazey while acting individually, under color of State law deprived Schroeder of federally protected rights.

11. Defendant K. Stuppy at all times relevant to this action is was a Counselor in the E-Housing Unit (100-200 range) at Wabash Valley Correctional Facility. The Wabash Valley Correctional Facility is a part of the Indiana Department of Correction and is located in Carlisle, Indiana, and the address is 6908 S. Old Highway 41, P. O. Box 500 Carlisle, Indiana 47383. Defendant K. Stuppy is defined as a person under

42 U. S. C. § 1983, liable for the violation of federally protected rights while acting under color of state law. Further, at all times relevant to this cause, Defendant K. Stuppy was directly responsible for the welfare and needs of Schroeder, while he was incarcerated at Wabash Valley Correctional Facility, for the implementation and establishment of policies, both formally and informally, by custom and practice, relative to the welfare and care of Schroeder while he was incarcerated at the Wabash Valley Correctional Facility.  In addition, Defendant K. Stuppy was also responsible for making classification decisions regarding housing and jobs at Wabash Valley Correctional Facility, in the E-Housing Unit where Schroeder resided. Further, at all times relative to cause of action Defendant K. Stuppy while acting individually, under color of State law deprived Schroeder of federally protected rights.[1]

12. Defendant Adam Wence at all times relevant to this action is a Chaplain at Wabash Valley Correctional Facility, who worked in the Southside Religious Service Office where Plaintiff Schroeder worked before this incident.  The Wabash Valley Correctional Facility is a part of the Indiana Department of Correction and is located in Carlisle, Indiana, and the address is 6908 S. Old Highway 41, P. O. Box 500 Carlisle, Indiana 47383.  Defendant A. Wence is defined as a person under 42 U. S. C. § 1983, liable for the violation of federally protected rights while acting under color of state law.  Further, at all times relevant to this cause, Defendant A. Wence was directly responsible for the welfare and needs of Schroeder, while he was

---

[1] Defendant K. Stuppy moved to another housing unit in April 2024.

incarcerated at Wabash Valley Correctional Facility, for the implementation and

establishment of policies, both formally and informally, by custom and practice,

relative to the welfare and care of Schroeder while he was incarcerated at the

Wabash Valley Correctional Facility. Further, at all times relative to cause of action

Defendant A. Wence while acting individually, under color of State law deprived

Schroeder of federally protected rights.

13. Defendant David Walker at all times relevant to this action is a Chaplain at Wabash

Valley Correctional Facility, who worked in the Southside Religious Service Office

where Plaintiff Schroeder worked before this incident. The Wabash Valley

Correctional Facility is a part of the Indiana Department of Correction and is located

in Carlisle, Indiana, and the address is 6908 S. Old Highway 41, P. O. Box 500

Carlisle, Indiana 47383. Defendant D. Walker is defined as a person under 42

U. S. C. § 1983, liable for the violation of federally protected rights while acting

under color of state law. Further, at all times relevant to this cause, Defendant D.

Walker was directly responsible for the welfare and needs of Schroeder, while he

was incarcerated at Wabash Valley Correctional Facility, for the implementation

and establishment of policies, both formally and informally, by custom and practice,

relative to the welfare and care of Schroeder while he was incarcerated at the

Wabash Valley Correctional Facility. Further, at all times relative to cause of action

Defendant D. Walker while acting individually, under color of State law deprived

Schroeder of federally protected rights.[2]

---

[2] Defendant D. Walker recently retired from his job at Wabash Valley Correctional Facility.

14. Defendant Jeremy Hamilton at all times relevant to this action is the Administrative Chapel Assistant in the Southside Religious Service Office where Plaintiff Schroeder worked before this incident at Wabash Valley Correctional Facility. The Wabash Valley Correctional Facility is a part of the Indiana Department of Correction and is located in Carlisle, Indiana, and the address is 6908 S. Old Highway 41, P. O. Box 500 Carlisle, Indiana 47383. Defendant J. Hamilton is defined as a person under 42 U. S. C. § 1983, liable for the violation of federally protected rights while acting under color of state law. Further, at all times relevant to this cause, Defendant J. Hamilton was directly responsible for the welfare and needs of Schroeder, while he was incarcerated at Wabash Valley Correctional Facility, for the implementation and establishment of policies, both formally and informally, by custom and practice, relative to the welfare and care of Schroeder while he was incarcerated at the Wabash Valley Correctional Facility. Further, at all times relative to cause of action Defendant J. Hamilton while acting individually, under color of State law deprived Schroeder of federally protected rights.[3]

15. Defendant Teresa Booker at all times relevant to this action is the Communications Director at Wabash Valley Correctional Facility, who worked in the Southside Administration Building. The Wabash Valley Correctional Facility is a part of the Indiana Department of Correction and is located in Carlisle, Indiana, and the address is 6908 S. Old Highway 41, P. O. Box 500 Carlisle, Indiana 47383. Defendant T. Booker is defined as a person under 42 U. S. C. § 1983, liable for the violation of

---

[3] Defendant J. Hamilton recently retired from his job at Wabash Valley Correctional Facility.

federally protected rights while acting under color of state law. Further, at all times relevant to this cause, Defendant T. Booker was directly responsible for the welfare and needs of Schroeder, while he was incarcerated at Wabash Valley Correctional Facility, and for the implementation and establishment of policies, both formally and informally, by custom and practice, relative to the welfare and care of Schroeder while he was incarcerated at the Wabash Valley Correctional Facility. In addition, Defendant T. Booker is also responsible for recruiting outside volunteers for events/ religious services at Wabash Valley Correctional Facility and training them to interact with I. I.'s. Further, at all times relative to cause of action Defendant T. Booker while acting individually, under color of State law deprived Schroeder of federally protected rights.

16. Defendant Jackie Storm at all times relevant to this action is the Re-Entry, Religious, and Programs Director at Wabash Valley Correctional Facility, who worked in the Southside Administration Building. The Wabash Valley Correctional Facility is a part of the Indiana Department of Correction and is located in Carlisle, Indiana, and the address is 6908 S. Old Highway 41, P. O. Box 500 Carlisle, Indiana 47383. Defendant J. Storm is defined as a person under 42 U. S. C. § 1983, liable for the violation of federally protected rights while acting under color of state law. Further, at all times relevant to this cause, Defendant J. Storm was directly responsible for the welfare and needs of Schroeder, while he was incarcerated at Wabash Valley Correctional Facility, and for the implementation and establishment of policies, both formally and informally, by custom and practice, relative to the welfare and care of

Schroeder while he was incarcerated at the Wabash Valley Correctional Facility. In addition, Defendant J. Storm is also responsible the training of her employees [staff under her, who work in the Re-Entry, Religious Service Department, and Programs Department at Wabash Valley Correctional Facility, including Defendant's J. Hamilton, D. Walker, T. Booker, D. Jackson, M. Taylor, R. Puryear] to meet the welfare/ needs of Schroeder and all other incarcerated I. I.'s at the Wabash Valley Correctional Facility. Further, at all times relative to cause of action Defendant J. Storm while acting individually, under color of State law deprived Schroeder of federally protected rights.

17. Defendant Dawn Jackson at all times relevant to this action is over Visitation and acting Administrative Chaplain Assistant at Wabash Valley Correctional Facility. Defendant D. Jackson at all times relevant to this action is the Administrative Chapel Secretary in the Southside Religious Service Office where Plaintiff Schroeder worked before this incident at Wabash Valley Correctional Facility. The Wabash Valley Correctional Facility is a part of the Indiana Department of Correction and is located in Carlisle, Indiana, and the address is 6908 S. Old Highway 41, P. O. Box 500 Carlisle, Indiana 47383. Defendant D. Jackson is defined as a person under 42 U. S. C. § 1983, liable for the violation of federally protected rights while acting under color of state law. Further, at all times relevant to this cause, Defendant D. Jackson was directly responsible for the welfare and needs of Schroeder, while he was incarcerated at Wabash Valley Correctional Facility, for the implementation and establishment of policies, both formally and informally, by custom and practice,

relative to the welfare and care of Schroeder while he was incarcerated at the Wabash Valley Correctional Facility.  Further, at all times relative to cause of action Defendant D. Jackson while acting individually, under color of State law deprived Schroeder of federally protected rights.[4]

18. Mark Taylor at all times relevant to this action is a Religious Service Volunteer and Instructor of a Bible College class called T.U.M.I. taught at the Wabash Valley Correctional Facility Prison.  The Wabash Valley Correctional Facility is a part of the Indiana Department of Corrections and is located in Carlisle, Indiana, and the address is 6908 S. Old Highway 41, P. O. Box 500 Carlisle, Indiana 47383.  Further, at all times relative to cause of action Defendant Mark Taylor while acting individually, under color of State law deprived Schroeder of federally protected rights.

19. Richard Puryear at all times relevant to this action is a Religious Service Volunteer and Instructor of a Bible College class called T.U.M.I. taught at the Wabash Valley Correctional Facility Prison.  The Wabash Valley Correctional Facility is a part of the Indiana Department of Corrections and is located in Carlisle, Indiana, and the address is 6908 S. Old Highway 41, P. O. Box 500 Carlisle, Indiana 47383.  Further, at all times relative to cause of action Defendant Richard Puryear while acting individually, under color of State law deprived Schroeder of federally protected rights.

20. Mrs. K. Fischer at all times relevant to this action is the Assistant Warden of Operations at the Wabash Valley Correctional Facility.  The Wabash Valley

---

[4] Defendant J. Hamilton recently retired from his job at Wabash Valley Correctional Facility.

Correctional Facility is a part of the Indiana Department of Corrections and is located in Carlisle, Indiana, and the address is 6908 S. Old Highway 41, P. O. Box 500 Carlisle, Indiana 47383. Defendant Assistant Warden of Operations Mrs. K. Fischer is defined as a person under 42 U. S. C. § 1983, liable for the violation of federally protected rights while acting under color of state law. Further, at all times relevant to this cause, Defendant Assistant Warden of Operations Mrs. K. Fischer was directly responsible for the welfare and needs of Schroeder, while he was incarcerated at Wabash Valley Correctional Facility, and for the implementation and establishment of policies, both formally and informally, by custom and practice, relative to the welfare and care of Schroeder while he was incarcerated at the Wabash Valley Correctional Facility. In addition, Defendant Assistant Warden of Operations Mrs. K. Fischer is also responsible for the training of his employees [staff under her, who work in the prison to meet the welfare and needs of Schroeder, while he was incarcerated at Wabash Valley Correctional Facility. Further, at all times relative to cause of action Defendant Assistant Warden of Operations Mrs. K. Fischer while acting individually, under color of State law deprived Schroeder of federally protected rights.

21. Defendant K. Gilmore at all times relevant to this action is the Assistant Warden of Programs at the Wabash Valley Correctional Facility. The Wabash Valley Correctional Facility is a part of the Indiana Department of Corrections and is located in Carlisle, Indiana, and the address is 6908 S. Old Highway 41, P. O. Box 500 Carlisle, Indiana 47383. Defendant Assistant Warden of Programs K. Gilmore is

defined as a person under 42 U. S. C. § 1983, liable for the violation of federally

protected rights while acting under color of state law.  Further, at all times relevant

to this cause, Defendant Assistant Warden of Programs K. Gilmore was directly

responsible for the welfare and needs of Schroeder, while he was incarcerated at

Wabash Valley Correctional Facility, and for the implementation and establishment

of policies, both formally and informally, by custom and practice, relative to the

welfare and care of Schroeder while he was incarcerated at the Wabash Valley

Correctional Facility.  In addition, Defendant Assistant Warden of Programs K.

Gilmore is also responsible for the training of his employees [staff under him, who

work in the Southside Administration Building/Religious Service Department at

Wabash Valley Correctional Facility including Defendant's A. Wence, J. Hamilton, D.

Walker, T. Booker, J. Storm, and D. Jackson] to meet the welfare and needs of

Schroeder, while he was incarcerated at Wabash Valley Correctional Facility.

Further, at all times relative to cause of action Defendant Assistant Warden of

Programs K. Gilmore while acting individually, under color of State law deprived

Schroeder of federally protected rights.

22. Defendant Frank Vanihel at all times relevant to this action is the Warden at the

Wabash Valley Correctional Facility.  The Wabash Valley Correctional Facility is a

part of the Indiana Department of Corrections and is located in Carlisle, Indiana,

and the address is 6908 S. Old Highway 41, P. O. Box 500 Carlisle, Indiana 47383.

Defendant Warden Frank Vanihel is defined as a person under 42 U. S. C. § 1983,

liable for the violation of federally protected rights while acting under color of state

law. Further, at all times relevant to this cause, Defendant Warden Frank Vanihel was directly responsible for the welfare and needs of Schroeder, while he was incarcerated at Wabash Valley Correctional Facility, and for the implementation and establishment of policies, both formally and informally, by custom and practice, relative to the welfare and care of Schroeder while he was incarcerated at the Wabash Valley Correctional Facility. In addition, Defendant Warden Frank Vanihel is also responsible for the training of his employees [staff under him, who work in at Wabash Valley Correctional Facility including Defendant's Correctional Officer Shoyer, Officer Vanvleet, Officer Rambis, G-Housing Unit Floor Correctional Officer, G-Housing Unit Control Pod Correctional Officer, M. Leohr, C. Coakley, M. Gilbert, A. Wallace, K. Sweazey, K. Stuppy, A. Wence, D. Walker, J. Hamilton, T. Booker, J. Storm, D. Jackson, Mrs. K. Fischer, K. Gilmore, B. Batchelor, and Centurion Health Services Staff] to meet the welfare and needs of Schroeder, while he was incarcerated at Wabash Valley Correctional Facility. Further, at all times relative to cause of action Defendant Assistant Warden of Programs K. Gilmore while acting individually, under color of State law deprived Schroeder of federally protected rights.

23. Defendant B. Batchelor at all times relevant to this action is a CNA (Certified-Nursing Assistant) who works for Centurion Health Services of Indiana [the contractor who provides medical care services for the Indiana Department of Corrections] at the Wabash Valley Correctional Facility. The Wabash Valley Correctional Facility is a part of the Indiana Department of Corrections and is

located in Carlisle, Indiana, and the address is 6908 S. Old Highway 41, P. O. Box 500 Carlisle, Indiana 47383. Defendant B. Batchelor is defined as a person under 42 U. S. C. § 1983, liable for the violation of federally protected rights while acting under color of state law. Further, at all times relevant to this cause, Defendant B. Batchelor while acting individually, under color of State law deprived Schroeder of federally protected rights.

24. Defendant B. Riggs at all times relevant to this action is a RN (Registered Nurse) who works for Centurion Health Services of Indiana [the contractor who provides medical care services for the Indiana Department of Corrections] at the Wabash Valley Correctional Facility. was directly responsible for the welfare and needs of Schroeder, while he was incarcerated at Wabash Valley Correctional Facility, and for the implementation and establishment of policies, both formally and informally, by custom and practice, relative to the welfare and care of Schroeder while he was incarcerated at the Wabash Valley Correctional Facility. In addition, Defendant B. Riggs is also responsible for the training of her employees [staff under her, who work in at Wabash Valley Correctional Facility including B. Batchelor, and all other Centurion Medical Services Staff] to meet the welfare and needs of Schroeder, while he was incarcerated at Wabash Valley Correctional Facility. Further, at all times relevant to this cause, Defendant B. Riggs while acting individually, under color of State law deprived Schroeder of federally protected rights.

25. Defendant Centurion/ Yes Care Health Services LLC at all times relevant to this action is the Health Service provider who is contracted at Wabash Valley

Correctional Facility.  The Wabash Valley Correctional Facility is a part of the Indiana

Department of Corrections and is located in Carlisle, Indiana, and the address is

6908 S. Old Highway 41, P. O. Box 500 Carlisle, Indiana 47383.  Defendant

Centurion/ Yes Care Health Services LLC is defined as a person under 42 U. S. C. §

1983, liable for the violation of federally protected rights while acting under color

of state law.  Defendant Centurion/ Yes Care Health Services LLC. was directly

responsible for the welfare and needs of Schroeder, while he was incarcerated at

Wabash Valley Correctional Facility.  while acting individually, under color of State

law deprived Schroeder of federally protected rights. Further, at all times relevant

to this cause, Defendant Centurion/ Yes Care Health Services LLC. while acting

individually, under color of State law deprived Schroeder of federally protected

rights.

26. Tort Claim Instructor J. Hall

27. Tort Claim Bob Bugher

28. Tort Claim Administrator

29. Commissioner Christina Reagle

### 30. STATEMENT OF FACTS

31. Lt. Ewers around of about July 2022 called Plaintiff Schroeder into a dark classroom

within the Southside OSB Building (where Schroeder worked as the Religious

Service Clerk for almost 8 years and Lt. Ewers is the Supervisor over the building)

and blocked the door trying to intimidate Schroeder in this unprofessional and very

uncomfortable situation.  Schroeder asked, "Why the lights are off and what is this

about." No lights were turned on after the question and Lt. Ewers remained

blocking the door. Lt. Ewers told Schroeder he was informed by (some mythical)

person that he was informed a card was posted on the Pharmacy door (where the

medication is stored when it first arrives to the prison in order to sort). Schroeder

said, "Are you asking me if I know anything or trying to accuse me of something?

The nurses put cards and posters all over that door all the time for holidays and

staff birthdays, etc." Lt. Ewers said, "Yeah, I have a witness." Schroeder replied,

"Produce your witness then because those cards have been on the door for days."

(No witness ever produced) Schroeder said, "Please open the door now because I

do not feel comfortable with you in here with the lights off and blocking the door,

anything could happen in here." Lt. Ewers finally opened the door and said, "Don't

do it again or you'll be fired!!" Lt. Ewers left and finally consulted the staff member

and found his accusations against Schroeder to be false.

32. On or about June 1, 2022, Lt. Ewers and Sgt. Voigtschild were at the chow hall

(Plaintiff Ryan Schroeder had previously consulted two other staff members who

had confirmed that his legal mail was already at Wabash Valley Correctional

Facility) where Schroeder asked Sgt. Voigtschild if he could look into why I was not

receiving his legal mail (Plaintiff's Group 10, Ex. 1 & 2). Lt. Ewers stopped by the

Religious Service Office later that day, where Plaintiff Ryan Schroeder works, and

said "Stop having your mom send you legal mail." Plaintiff Ryan Schroeder

responded, "My mother has never sent me legal mail but the Court House has. I

don't know where your getting your false information from but stop spreading it."

33. On February 14, 2023, Plaintiff Ryan Schroeder sent a REQUEST FOR INTERVIEW State FORM 36935 to OII R. Vanvleet stating, I have heard no responses nor have you asked me any questions as I stated I would answer regarding my legal work that you have and no one has confiscated. This is hindering my court proceedings on my state case (Exhibit 10-6).

34. Around or about May 15, 2023, incarcerated individual pay-scale changed per new DELTA system being implemented. Plaintiff Schroeder was told by Defendant Storm that he was not getting paid for two days out of the week, only 5 days, despite what the Administrative Policy 02-01-106 Work Assignment and Pay Schedules XIII Activity Schedule dated: 3/15/2023 stated so he needed to start taking two days a week off from work. On days Plaintiff Ryan Schroeder had off, he continued to get called into work by Defendant Storm and other staff members to get sound equipment set up for meetings, officers/ Lieutients to find Religious Service count letters over the weekend, even the Head Nurse S. Bedwell called Plaintiff Ryan Schroeder over to set up equipment for their meetings in the Chapel on the weekends. Defendant Storm received several phone calls over the weekends by outside volunteers/inside staff members asking why services were no longer being set up and why Plaintiff Schroeder was no longer coming to work for night or weekend services or two days out of the week (which is what Defendant Storm directed Plaintiff Ryan Schroeder to do and not to come over on days he was not supposed to work unless he was called for on a countletter made specifically by Defendant J. Storm for Plaintiff Ryan Schroeder which was used by correctional

officers).  Defendant Storm would come over from Southside Administration

Building to Plaintiff Schroeder's workspace in the Religious Service Department

early in the week and yell at Schroeder about the many phone calls she was

receiving over the weekend.  One time in particular was so bad Defendant Storm

yelled at Plaintiff Schroeder, "Do you like your job?"  Plaintiff Schroeder responded,

"I love my job.  I just don't know what I am supposed to be doing anymore because

leadership has changed so many times I am being told many things but no one is on

the same page.  I have asked you in person several times that when you have your

meetings with those who are directly over me (Chaplain A. Wence, Chaplain D.

Walker, Administrative Chaplain Assistant J. Hamilton, and Chaplain Faust) that I

could be involved in the conversations which I am able to be since I know there are

conversations which you all talk about that I do not need to know.  I am being

hindered in my job with the way things are set up now (having to be called over to

work instead of showing up like I used to and checking in with the correctional

officer at the OSB desk, which had been the process for over five years).  This is why

you are receiving so many emails from volunteers about things not being set up

instead of the normal emails and verbal compliments about me from volunteers or

staff about how great of a job I am doing.  Correctional Officers don't even know

what they are supposed to be doing when it comes to me coming over to do my job

(call the housing unit to have me come to work instead of just me showing up to

work since it has not been communicated to them effectively since the correctional

officers keep asking me why I didn't just show up to work and I have told them I am

on a count letter now to be called over so you have to call me for work.  If you have any questions for them to ask you (Defendant J. Storm)." Plaintiff Ryan Schroeder then said to Defendant Storm, "How can we fix this issue?"  Defendant Storm threatened Plaintiff Schroeder that she would fire him if she was ever called by staff or volunteers over the weekend again because services were not being set up in the Chapel.  Defendant Chaplain Adam Wence had to open his door (which was always closed when he was in the office) and had to step out of his office in order to deescalate the situation and inform Defendant Storm that Plaintiff Schroeder was doing what he could, maintaining his two days off a week which Defendant Storm had just put into place.  Defendant Chaplain A. Wence stated, "The count letters were limiting Plaintiff Schroeder's movement and what was expected of him needed to be communicated to the staff.  If Plaintiff Schroeder was unable to get out of his cell since he was not being called over by staff, it has to be changed. Plaintiff Schroeder cannot do anything about that.  Also that since Plaintiff Ryan Schroeder was only supposed to be working five (5) days a week now per Defendant J. Storm if Plaintiff Schroeder was called over Monday-Friday 7 am to 3 pm he could not work any other time with the new set implementations, which include Friday night, Saturday day, Saturday night, or Sunday day when Religious Service occur.  If Plaintiff Ryan Schroeder did what he had gotten to do over the years and fill in where he knew he was needed, he would be able to accomplish these tasks."

35. On or about June 5ᵗʰ, 2023, Defendant J. Storm had Plaintiff Schroeder come to her office in South Administration Building where she showed him a manila envelope with his entire military packet in it which included (high school diploma, medical records, legal mail, etc.) that was stamped June 2023 in which Plaintiff Schroeder had not asked for said paperwork to be sent from the military, so he asked Defendant J. Storm, "Why do you have this paperwork and how did you get it?". Defendant Storm shrugged her shoulders and said, "It has been in my office." Plaintiff Schroeder asked, "Who sent for this information since it is legal paper work and has my social security number, medical records, school records, and military records as well." Defendant J. Storm said, "You cannot have it, but you can shred it if you want to." Plaintiff Schroeder took the paperwork and shredded it; however, since the envelope was opened already before Plaintiff Ryan Schroeder arrived in Defendant J. Storm's office, Defendant J. Storm could have already copied any of the paperwork in which she wanted to have before Plaintiff Ryan Schroeder had been notified of this paperwork.

36. On June 25, 2023, Head Nurse Bedwell called Plaintiff Schroeder over to the Chapel, on his day off to hook up sound/ TV equipment and set up tables for a training event in which she was having for a bunch of nurses [inside and outside nurses included]. Plaintiff Ryan Schroeder's immediate supervisors Defendant's Chaplain Wence, Chaplain Faust, Chaplain Walker, and Admin. Chapel Assistant J. Hamilton] had never informed Schroeder of setting up on the weekend nor paid for him to be there since Defendant J. Storm decided not to pay Plaintiff Ryan Schroeder for a

seven (7) day work week and not follow (A.P.) Administrative Policy 02-01-106

"Work Assignment and Pay Schedule effective 3-15-2023 sect. xiii. Activity Schedule

(c). Plaintiff Ryan Schroeder as he always did when called by staff for no other

reason than because he loved his job and always completed what he was asked to

do].

37. Around or about July 2023, the weekend Church count letters could not be found at

North OSB to run services so Sgt. Leffler called N-Housing Unit [where Plaintiff

Schroeder resided at the time] to have Plaintiff Schroeder sent over to the South

OSB in order to locate count letter and the take them over to the North OSB desk

so that Sunday Religious Service could be run and would not have to turn away the

volunteers who were already here to have service.

38. On or about August 21st, 2023, Defendant Asst. Deputy Warden K. Gilmore came

over to the South OSB Chapel [which has cameras] and confronted Schroeder about

a letter which was sent to Defendant Warden Vanihel about legal work which

continued to be taken by the mailroom and the Office of Internal Investigative Unit

(O. I. I.) [here at Wabash Valley Correctional Facility] since around or about March

2022 [when sent to Plaintiff Schroeder who is working on his PCR] not per IDOC

policy by Confiscation Slip and/or Disposition Form; Administrative Policy 02-01-

103, so that Plaintiff Schroeder had to find out his legal work was being taken by

other staff members by them checking the mailroom to see if it was in the

mailroom because it already arrived at Wabash Valley Correctional Facility and

Plaintiff Ryan Schroeder had not received the legal mail nor received a confiscation

and/or Disposition Form. This action of holding Federal Mail and legal documents from Plaintiff Schroeder has been a reoccurring theme at Wabash Valley Correctional Facility for him and many other incarcerated individuals. Defendant Assist. Deputy Warden K. Gilmore asked Plaintiff Schroeder, "What legal mail are you talking about, the stuff we took in May, June, or July?" Plaintiff Schroeder responded, "You took legal mail from me in May, June, and July, too." Defendant Assist. Deputy Warden Gilmore said, "I am not involved in this. I will have Warden F. Vanihel and OII come speak with you." Defendant Assist. Deputy Warden K. Gilmore left the Chapel (Defendant's Warden F. Vanihel, OII R. Vanvleet, and OII Rambis never came and spoke with Plaintiff Ryan Schroeder until Defendant's OII R. Vanvleet and OII Rambis spoke to Plaintiff Ryan Schroeder about the current allegations they decided to bring against him).

### ***CONTINUANCE TO COMPLAINT***

### LEGAL CLAIMS

Plaintiff alleges and incorporates by reference paragraphs 1-38.

### COUNT I

Plaintiff adopts references and incorporates these factual allegations as part of this count. Defendants' withholding, opening and reading of legal mail outside of plaintiff's presence violated plaintiff Ryan Schroeder's rights and constituted Denial of Access to the Courts, Denial of Attorney-Client Privilege, and Denial of Investigator-Client Privilege a violation

under the 1st Amendment, 8th Amendment, and 14th Amendment to the United States Constitution as enforced through 42 U.S.C. § 1983.

## COUNT II

Plaintiff adopts references and incorporates these factual allegations as part of this count. Defendants' withholding, opening and reading of legal mail outside of plaintiff's presence, and the failure to correct the violation of Administrative Procedure 02-01-103 violated plaintiff Ryan Schroeder's rights and constituted Denial of Access to the Courts, Denial of Attorney-Client Privilege, and Denial of Investigator-Client Privilege a violation under the 1st Amendment, 8th Amendment, and 14th Amendment to the United States Constitution as enforced through 42 U.S.C. § 1983.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff has exhausted his administrative remedies with respect to all claims.

## PRAYER FOR RELIEF REQUESTED

WHEREFORE, Plaintiff requests that the court grants the following relief:

A. Issue an preliminary injunction ordering Frank Vanihel and their agents to:

1. Immediately stop interfering with Plaintiff's Investigator-Client Privilege, Attorney-Client Privilege, and Denial of Access to the Courts; 1st Amendment, 8th Amendment, and 14th Amendment United States Constitution rights.

B. Award Compensatory Damages in following amounts:

1. $7, 240, 000 each against Defendants: Frank Vanihel, Kevin Gilmore, A. Wallace, K. Ewers, S. Crichfield, I. Randolph, M. Ellis, R. Vanvleet.

(724 days x $10,000 per day)

C. Award Punitive Damages in following amounts:

1. $7, 240, 000 each against Defendants: Frank Vanihel, Kevin Gilmore, A. Wallace, K. Ewers, S. Crichfield, I. Randolph, M. Ellis, R. Vanvleet.

(724 days x $10,000 per day)

- Plaintiff's cost in this suit
- A jury trial on all issues triable by jury
- Any additional relief this court deems just, proper, equitable

Date: August 16, 2024

Respectfully Submitted

Ryan Schroeder #231818 D 414

Wabash Valley Correctional Facility

6908 S. Old U.S. Hwy 41

Carlisle, IN 47838

AFFIRMATION OF PLAINTIFF

I, the plaintiff in the aforementioned cause, do affirm that I have read all of the

statements contained in this complaint under 42 U. S. C. § 1983 and that I believe them to be

true and correct to the best of my personal knowledge and belief.

Signed this 16th day of August 2024

Ryan Schroeder #231818 D 414

Wabash Valley Correctional Facility

6908 S. Old U.S. Hwy 41

Carlisle, IN 47838